IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>    HAUSER ESTATE, INC.<br>    d/b/a HAUSER ESTATE WINERY<br>    d/b/a JACK'S HARD CIDER,<br>        Debtor in Possession<br><br>HAUSER ESTATE, INC.,<br>        Movant<br><br>v.<br><br>H&M HOLDINGS GROUP, LLC,<br>        Respondent | Chapter 11<br><br>Case No. 1:18-bk-03201 |

## DEBTOR IN POSSESSION'S EMERGENCY MOTION
## FOR INTERIM USE OF CASH COLLATERAL

COMES NOW, this 31st day of July, 2018, the Debtor in Possession, by its counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion seeking entry of an Interim Order authorizing the use of Cash Collateral pending a final hearing on the Motion, and scheduling a final hearing on the Motion, as follows:

### PARTIES

1. Movant is the within Debtor in Possession, Hauser Estate, Inc. (hereinafter "Debtor"), which is filing a voluntary Chapter 11 Petition contemporaneously with this Motion. Debtor is represented by CGA Law Firm, Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401.

2. The Respondent is H&M Holdings Group, LLC, 210 Ridgewood Drive, Gettysburg, Pennsylvania 17325, successor in interest to Members 1st Federal Credit Union (hereinafter "H&M"). H&M holds a valid, perfected first lien security interest in Debtor's cash and cash collateral (inventory, accounts receivable, etc.). H&M is represented by Post &

Schell, P.C., Paula J. McDermott, Esquire, 17 North Second Street, 12th Floor, Harrisburg, Pennsylvania 17101.

## JURISDICTION AND VENUE

3. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S. § 157(b)(2).

4. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334.

5. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

## PRE-PETITION SECURED OBLIGATIONS

5. Prior to the filing of the within case, Debtor entered into two Business Loan Agreements (hereinafter "Agreements") with Members 1st Federal Credit Union, which were perfected by the recording of two mortgages against real estate owned by Hauser Family Farms, LLC, a related entity. Members 1st Federal Credit Union further perfected its security interest by filing a UCC-1 Financing Statement with the Pennsylvania Corporation Bureau. The mortgages were subsequently purchased by H&M. H&M is secured way of having a first lien against all of the Debtor's assets including, inter alia, the Debtor's cash, accounts receivable, equipment and inventory (collectively, "the Collateral").

6. In the operation of the Debtor's business in the ordinary course, the Debtor produces and sells wine and similar products and collects receivables. The proceeds of the sales is cash or cash equivalents, which constitute "Cash Collateral" as defined by 11 U.S.C. § 363. Specifically, 11 U.S.C. § 363(a) provides, in pertinent part, as follows:

> "cash collateral" means cash, negotiable instruments, documents of
> 
> title, securities, deposit accounts, or other cash equivalents

{01501704/1}

Case 1:18-bk-03201-RNO   Doc 5   Filed 07/31/18   Entered 07/31/18 15:21:53   Desc
Main Document    Page 2 of 6

whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents,. . . whether existing before or after the commencement of a case under this title."

7. Debtor requires the use of such Cash Collateral to operate its business. Specifically, Debtor requires the continued use of its cash or cash equivalents to permit it to pay vendors, meet payroll and benefit obligations to its employees, satisfy deposit and payment obligations to utilities and other providers, maintain in effect its insurance policies, preserve and protect its assets, and to generally and otherwise pay obligations critical to continuing the operation of its business.

## RELIEF REQUESTED

8. Debtor is seeking the entry of an interim Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363 and scheduling a final hearing on the within Motion to consider entry of a final Order approving the use of cash collateral.

9. 11 U.S.C. § 363 prohibits the use of Cash Collateral unless the party with an interest in the Cash Collateral consents or the Court authorizes such use. Specifically, 11 U.S.C. § 363(c)(2) provides:

> The Trustee may not use, sell or lease cash collateral . . . unless –
>
> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions in this section.

10. 11 U.S.C. § 361 provides:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property. . .

11. If Debtor is unable to utilize the Cash Collateral, the Debtor will be forced to shut down its business operations, which will severely impair the value of its estate and assets. The Debtor believes its value as a going concern is significantly greater than the liquidation value of its assets. As a consequence, the Debtor's creditors are likely to receive significantly less if the Debtor ceases operations than they would if Debtor is authorized to use the Cash Collateral and remain in business.

12. Pursuant to F.R.B.P. 6003, the Court may grant the relief requested in the within Motion within twenty days after the date of the filing of the case if such relief is necessary to avoid immediate and irreparable harm.

13. Debtor has an urgent and immediate need for cash to continue to operate. Without the use of the cash collateral, Debtor will have no ability to operate its business on an ongoing basis. A budget with cash flow projections is attached. Additionally, if the business closes, it will lose value promptly.

14. Debtor believes that it will be successful in restructuring certain debts such that it will be able to operate with a positive cash flow. As such, it is asserted that Berkshire Bank will be adequately protected.

15. To the extent that all other creditors named as Respondents as holding UCC-1's in cash or accounts receivable do not have sufficient cash collateral value to protect any of their lien positions, it is requested that they be denied any cash collateral payment.

WHEREFORE, the Debtor in Possession respectfully requests that this Honorable Court enter an Order granting relief as follows:

a. Authorizing the Debtor in Possession the interim use of cash collateral pending final hearing on the matter;

b. Order that Notice be given establishing a hearing date whereby a final Order may be entered permitting the interim use of cash collateral; and

c. Any such other relief as this Honorable Court deems appropriate.

Respectfully submitted

CGA Law Firm

/s/Lawrence V. Young, Esquire
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: | Chapter 11 |
|---|---|
|     HAUSER ESTATE, INC. | |
|     d/b/a HAUSER ESTATE WINERY | Case No. 1:18-bk-03201 |
|     d/b/a JACK'S HARD CIDER, | |
|         Debtor in Possession | |
| | |
| HAUSER ESTATE, INC., | |
|         Movant | |
| | |
| v. | |
| | |
| H&M HOLDINGS GROUP, LLC, | |
|         Respondent | |

CERTIFICATE OF SERVICE

    I certify that I am more than 18 years of age and that on July 31, 2018, a true and correct copy of the attached Motion was served upon the following parties in the following manner:

| Name | Mode of Service |
|---|---|
| United States Trustee | Via CM/ECF |
| Paula J. McDermott, Esquire | Via e-mail to: pmcdermott@postschell.com |

Dated: 7/31/2018                                                      /s/Lawrence V. Young, Esquire
                                                                                       Lawrence V. Young, Esquire
                                                                                       CGA Law Firm
                                                                                       135 North George Street
                                                                                       York, PA 17401
                                                                                       (717) 848-4900

{01501704/1}